UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CURTIS JOHNSON,

       Plaintiff,

   v.

DEPARTMENT OF CORRECTIONS, *et al.*,

       Defendants.

Case No. C05-5341RJB

ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED

    This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Plaintiff filed this action naming at least thirteen defendants. He applied for and received *in forma pauperis*.

    The action challenges plaintiff's placement in an Intensive Management Unit on administrative segregation status, his subsequent infraction hearing, the finding of guilt and the sanctions which included loss of custody level and loss of 180 days good conduct time. (See complaint filed May 23rd, 2005). Plaintiff seeks return to his former custody level, restoration of lost good time, and several million dollars damages, return of his prison job, and lost wages.

    Plaintiff was infracted for assaulting another inmate who he names in the complaint. He complains the inmates statements and bruises on the inmates body were the only evidence against

ORDER
Page - 1

1  him. He alleges this evidence is insufficient to support a finding of guilt in a prison disciplinary
2  hearing.

3        A complaint is subject to dismissal prior to service with the dismissal counting as a strike for
4  purposes of 28 U.S.C. 1915 (g). When a complaint is frivolous, fails to state a claim, or contains a
5  complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint
6  before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir.
7  1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)). A plaintiff must allege a
8  deprivation of a federally protected right in order to set forth a *prima facie* case under 42 U.S.C.
9  §1983. Baker v. McCollan, 443 U.S. 137, 140 (1979).

10        In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct
11  complained of was committed by a person acting under color of state law and that (2) the conduct
12  deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United
13  States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v.
14  Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong
15  only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir.
16  1985), *cert. denied*, 478 U.S. 1020 (1986).

17        Here, plaintiff challenges his placement in administrative segregation, but as an inmate, he has
18  no right to due process prior to placement in administrative segregation and he has no liberty interest
19  in remaining in general population. Smith v. Noonan, 992 F.2d 987 (9th Cir. 1993).

20        Plaintiff claims the evidence was insufficient for a prison disciplinary hearing, but the standard
21  used by this court on review is the any evidence standard. Superintendent v, Hill, 472 U.S. 445
22  (1985). The complaint indicates the inmate provided a statement and there were bruises in the
23  inmate.

24        Finally, by alleging the hearing was improper plaintiff calls into question the propriety of the
25  sanction which includes loss of 180 days good time. When a person confined by the state is
26  challenging the very fact or duration of his physical imprisonment, and the relief he seeks will
27  determine that he is or was entitled to immediate release or a speedier release from that
28

ORDER
Page - 2

imprisonment, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies **has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.**" Heck v. Humphrey, 114 S.Ct. 2364, 2373 (1994)(emphasis added). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 2374. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' Id. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* Edwards v. Balisok, 117 S.Ct. 1584, 1587 (1997)).

Plaintiff asks that a disciplinary action be expunged and asks that "good time" be reinstated. He has not shown his hearing has been "reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 114 S.Ct. 2364, 2373 (1994). At this point, the court must dismiss the plaintiff's 42 U.S.C. § 1983 claim for failure to state a claim.

The court does not believe plaintiff can cure these defects, however, plaintiff should be given a chance to respond. Accordingly, plaintiff is **ORDERED TO SHOW CAUSE** why this action should not be dismissed. Plaintiff's response to this order is due on or before July 15th, 2005.

The clerk is directed to send a copy of this order to plaintiff and to note the July 15th, 2005 due date on the court's calendar.

DATED this 13th day of June, 2005.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge